**ALEXANDER GRANT AND COMPANY, Appellant,**

v.

**TIFFANY INDUSTRIES, INC., Farrell Kahn and Gail Martin, Appellees.**

No. 83–1608.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 1985.

Decided Aug. 7, 1985.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

By order of the Supreme Court, the appeal of Alexander Grant and Company is before us again for further consideration in light of the recent decisions in *Sedima, S.P.R.L. v. Imrex Co.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), and *American National Bank & Trust Co. v. Haroco, Inc.,* — U.S. —, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). *See Tiffany Industries v. Alexander Grant & Co.,* — U.S. —, 105 S.Ct. 3550, 87 L.Ed.2d 673 (1985) (granting certiorari and vacating the judgment below); *Kahn v. Alexander Grant & Co.,* — U.S. —, 105 S.Ct. 3551, 87 L.Ed.2d 673 (1985) (same). We earlier held that Grant has standing and has asserted a sufficient racketeering enterprise injury to state a claim in its action against Tiffany Industries, Inc., company president Farrell Kahn, and secretary Gail Martin under the civil damage provision of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c) (1982). *Alexander Grant & Co. v. Tiffany Industries,* 742 F.2d 408 (8th Cir.1984). We readopt

those portions of our earlier opinion that we believe are not in conflict with *Sedima* and again remand so that Grant may proceed on its claims.

Grant, a public accounting firm, alleges that it was injured as the result of a pervasive scheme of mail and wire fraud designed by Tiffany to obtain a favorable audit for the fiscal year 1977. In *Sedima* the Supreme Court considered whether any such injuries, to be actionable, had to arise from an activity of a nature which RICO was designed to deter rather than merely from certain of the individual predicate acts which comprised the racketeering.

The Court made plain that no "racketeering injury" is required. —— U.S. at ——, 105 S.Ct. at 3284; *American National,* —— U.S. at ——, 105 S.Ct. at 3292. Observing that section 1964(c) authorizes suit by "[a]ny person injured in his business or property by reason of a violation of § 1962," the Court stated,

> If the defendant engages in a pattern of racketeering activity in a manner forbidden by [§ 1962], and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under § 1964(c). There is no room in the statutory language for an additional, amorphous "racketeering injury" requirement.

*Sedima,* —— U.S. at ——, 105 S.Ct. at 3285 (footnote omitted).

*Sedima* states that a plaintiff, as here, seeking to state a claim based on a violation of section 1962(c) must allege "(1) conduct (2) of an enterprise (3) through a pattern[1] (4) of racketeering activity." *Id.*

(footnote omitted). The compensable injury then necessarily is

> the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise. * * * Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts.

*Id.* at ——, 105 S.Ct. at 3286.

Point II of our earlier opinion in *Grant,* 742 F.2d at 413–14, is contrary to *Sedima* in that we accepted that some type of "racketeering enterprise injury" was necessary but declined to further define the nature of such an injury because we found it "clear that Grant's complaint does not simply allege injury from the underlying predicate acts." 742 F.2d at 413. Accordingly, that discussion and holding essentially have been overruled. Since, however, our error was in requiring that Grant allege *more* than the Supreme Court has now said a plaintiff must allege in order to state a civil RICO claim, we believe our ultimate directive was the proper one: Grant is entitled to pursue its allegations on the merits.

Tiffany, to the contrary, argues on reconsideration that *Sedima* instead requires that we reverse our holding that Grant has standing to bring suit under section 1964(c). The Supreme Court in *Sedima* stated that a plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." —— U.S. at ——, 105 S.Ct. at 3285. Tiffany asserts that Grant failed to plead that the

---

**1.** Kahn argues on reconsideration that Grant has failed to allege a "pattern" of racketeering activity. In our opinion, however, we expressly observed that Tiffany had not challenged the sufficiency of the pleading as to the substantive RICO violation under section 1962(c). *Grant,* 742 F.2d at 411. We need not consider issues thus raised for the first time at this juncture. *Cf. Goldsmith v. Diamond Shamrock,* 767 F.2d 411, 414 (8th Cir.1985). Furthermore, while *Sedima* emphasizes that the definition of pattern in section 1961(5) requires something more than just two acts of racketeering activity, ——

U.S. at —— n. 14, 105 S.Ct. at 3285 n. 14, the complaint in this case alleges some twenty-six acts of mail fraud and four acts of wire fraud (the amended complaint alleges forty-eight and ten acts respectively). The number and nature of acts, together with allegations demonstrating their similar purposes, results, participants, victims, and methods of commission, bespeak a sufficient "continuity plus relationship" to satisfy the Supreme Court's concerns in *Sedima* that RICO not be extended to reach sporadic activity. *See id.* (drawing analogy to 18 U.S.C. § 3575(e) (1982) ).

injuries it suffered were proximately caused by "the conduct constituting the violation" rather than by other conduct of Tiffany. The complaint, however, contains the following specific allegations, which we believe are sufficient:

Had Grant been aware of the activities of defendants as above alleged, it would not have performed any accounting services for Tiffany in connection with the 1977 audit. As a result of the fraudulent conduct of defendants * * * the personnel of Grant continued to perform accounting services for defendant, all to Grant's injury to its business and property.

\* \* \* \* \* \*

As the result of the SEC [Securities and Exchange Commission] investigation, which was necessitated by and resulted directly from the unlawful and fraudulent actions of defendants, Grant has incurred substantial expense in responding to SEC subpoenas and requests for documents, interviews, the giving of testimony, counsel fees related to same, and other related expenses.

As a further result of the unlawful and fraudulent actions of defendants and their continued effort to conceal such actions, Grant has been damaged in its reputation as a national independent public accounting firm.

Record at 17–18.

The brief mention of causation in *Sedima* cannot fairly be interpreted as reading into section 1964(c) a direct injury versus indirect injury distinction. On the contrary, the approach of the Supreme Court but underscores our conclusion that Grant has standing to assert its claims.[2] *See Sedima,* —— U.S. at —— n. 15, 105 S.Ct. at 3286 n. 15. We find nothing in our discussion in Point I of our earlier opinion, 742 F.2d at 411–12, in conflict with the opinions

of the Supreme Court in either *Sedima* or *American National;* accordingly, we readopt that reasoning and discussion.

We remand this case to the district court for further proceedings consistent with this opinion and the decisions of the Supreme Court in *Sedima* and *American National.*

---

2. Similarly, we cannot accept Kahn's arguments that the "by reason of" language of section 1964(c) should be read as importing into civil RICO actions the standing requirements of section 4 of the Clayton Act. 15 U.S.C. § 15 (1982). Such an approach would merely reintroduce into the cause of action certain elements rejected by the Supreme Court in *Sedima* in its discussion of the nature of the injury to be alleged. We believe that the direct language of the Court quoted herein makes plain the full extent of a plaintiff's obligation with respect to standing and that that obligation has been satisfied in this case.