MEDICAL EMERGENCY SERVICE AS-
SOCIATES (MESA) S.C., Plaintiff,

v.

Douglas J. FOULKE, M.D., et
al., Defendants.

No. 85 C 4604.

United States District Court,
N.D. Illinois, E.D.

Jan. 6, 1986.

Jenner & Block, Chicago, Ill., for plaintiff.

Burke, Griffin, Chomicz & Wienke, P.C., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This case is before the court on the motion to dismiss of defendants Douglas J. Foulke, M.D. and Waukegan Associates, Ltd. ("Waukegan"), and the motion to dismiss or in the alternative for summary judgment and the motion for Rule 11 sanctions of defendants Howard J. Croft, M.D., Julio Mancera, M.D., and William Helvey, M.D.

The sole basis for this court's jurisdiction is Count I which purports to charge a civil RICO violation, 18 U.S.C. § 1961 *et seq.*

The remaining counts are all state law based. For the reasons stated, Count I is dismissed for failure to state a claim and, the court electing not to exercise jurisdiction over the state law claims, the pendent counts are dismissed without prejudice.

The plaintiff is Medical Emergency Service Associates S.C. ("MESA"), an Illinois Medical Corporation in the business of providing emergency room physicians to hospitals under contract for a fee. The complaint alleges that the defendant doctors were employees of MESA, but MESA now concedes that only Dr. Foulke was an employee and that the other physicians were independent contractors. On behalf of MESA, the doctors were providing emergency room services to Victory Memorial Hospital and at some point they decided to terminate their relationship with MESA, persuade the hospital to terminate its relationship with MESA, and provide the same emergency room services to the hospital through defendant Waukegan.

To turn this apparent state law case into a federal RICO case, the plaintiff attempts to allege a mail fraud case based on an employee's breach of the fiduciary duties of disclosure and loyalty. The plaintiff alleges that the doctors owed MESA a fiduciary duty by virtue of their employment relationship and they breached that duty *inter alia* by failing to disclose to MESA the existence of their plan to form a new enterprise to replace MESA as the provider · of emergency medical services for Victory Memorial. All of the defendants are alleged to have conspired in the plan and in the breach of the fiduciary duties owed by one or more of the doctors. Various mailings are alleged to be in furtherance of the plan and each of these is designated a predicate act under § 1961. All of the mail frauds are alleged to constitute a pattern of racketeering under § 1961. Each of the defendants is alleged to be a person employed by and associated with an association in fact, which in turn consisted of the association of each of the defendants.

Defendants have all moved to dismiss for failure to state a claim based on the failure to allege fraud with particularity, the failure to allege mailings in furtherance of a scheme to defraud, and the failure to allege a pattern of racketeering. On the last of these issues, defendants principally rely on the now famous footnote 14 in *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985), and on Judge Milton I. Shadur's opinion in *Northern Trust Bank/O'Hare, N.S. v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill.1985). My own analysis of the pattern issue, which is somewhat different from Judge Shadur's, is set forth in the memorandum opinion and order of November 27, 1985 in *Graham v. Slaughter,* 624 F.Supp. 222 (N.D.Ill.1985). Since the analysis in that case is heavily relied on here, a copy of that opinion will be included in the mailing of this opinion.

In this case there is a single wrongful transaction and a single injury. The loss to MESA occurred when the defendant doctors broke with MESA and created (or joined) Waukegan in connection with the rendering of emergency room medical services to Victory Memorial. Although numerous mailings are alleged in furtherance of the scheme, and assuming that each would constitute a separate offense and a separate predicate act, each mailing did not result in a separate injury or separate transaction. Accordingly, each mailing is not a separate criminal episode.

 This case falls within that part of *Inryco* with which I agree. Multiple mailings in furtherance of a single criminal episode are insufficient to allege a pattern of racketeering under § 1961. This conclusion appears to be inconsistent with two circuit court opinions. In *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985), two mailings related to the same transaction were held sufficiently related to constitute a pattern, and in *Alexander Grant & Co. v. Tiffany Industries, Inc.,* 770 F.2d 717, 718 n. 1 (8th Cir.1985), thirty separate mailings in connection with a single audit were held sufficient to allege a pattern of racketeering. However, this court's conclusion is not inconsistent with

the Seventh Circuit's only post-*Sedima* case, *Illinois Department of Revenue v. Phillips,* 771 F.2d 312 (7th Cir.1975). In that case, nine monthly mailings of fraudulent state sales tax returns were held, without discussion of the pattern issue, to state a RICO claim. Each mailing constituted a separate fraud and there were nine separate injuries or criminal episodes. The present case is factually different in that each mailing did not result in a separate fraudulent transaction and a separate injury to the plaintiff.

▪ The motion of three defendants for Rule 11 sanctions is based on the fact that the complaint alleges that they were employees of MESA and hence owed fiduciary duties to MESA. The fact that a defendant owed a fiduciary duty of disclosure and loyalty is important to the plaintiff's mail fraud theory; hence the allegation concerning the nature of each doctor's relationship with MESA was material. The three movants were in fact not employees, but under their written contracts with MESA were independent contractors who owed no fiduciary duties to MESA. This is now conceded by the plaintiff, but the plaintiff nevertheless resists the motion for Rule 11 sanctions on the ground that since at least one of the doctors, Dr. Foulke, was an employee who owed fiduciary duties, the conspiracy allegations are sufficient justification for having brought suit against the independent contractor doctors.

Movants argue that the present complaint does not allege a conspiracy among all of the defendants to breach fiduciary duties owed by one or more of the doctors, only a conspiracy to commit mail fraud. However, paragraphs 33(e), (f), and (g) charge each of the defendants with conspiring to defraud MESA of the loyal, faithful and honest services of its employees and agents, and its right to have its business conducted honestly, fairly, impartially, and free from conflicts of interest, dishonesty, and fraud on the part of its employees; and conspiring to defraud MESA by having its employees divert corporate opportunities and obtain and retain secret profits in viola-

tion of their obligations of fidelity, honesty, loyalty and trustworthiness. These allegations are sufficiently broad that they encompass a conspiracy to violate at least one employee's fiduciary duties to MESA. Thus, the plaintiff may have been able to pursue its conspiracy allegations had the RICO count not been dismissed for failure to state a claim.

However, the complaint erroneously alleges a specific contractual relationship between each of the movants and the plaintiff, and the contracts surely were in plaintiff's possession before suit was filed. The contracts obviously were not read before suit was filed, and no other explanation in support of the allegations in the complaint are offered by the plaintiff. Accordingly, there is a clear Rule 11 violation and the movants shall be awarded the fees incurred in connection with investigating the facts concerning the relationship between movants and MESA and the filing and briefing of the Rule 11 motion. Fees for the defense of the lawsuit will not be awarded.

The parties should meet and try to agree on the amount of fees awarded and if agreement is not reached, the movants' counsel should file a petition for fees incurred in connection with the preparation of the Rule 11 motion, with time records attached. The plaintiff will then be given an opportunity to respond to the petition.

Accordingly, the motion to dismiss of all defendants is granted. The motion for Rule 11 sanctions is granted in part and denied in part.

It is so ordered.