631 F.Supp. 1328 (1986)
ALLRIGHT MISSOURI, INC., Plaintiff,
v.
J. David BILLETER, et al., Defendants.
No. 84-1488C(6).
United States District Court, E.D. Missouri, E.D.
April 1, 1986.
Koenigsdorf, Kusnetzky & Wyrsch, Stephen G. Mirakian, Kansas City, Mo., Suelthaus, Kaplan, Cunningham, Yates & Wright, Dudley McCarter, Clayton, Mo., for Allright Mo, Inc.
Kohn, Shands, Elbert, Gianoulaki & Giljum, Alan Kohn, Mark J. Bremer, St. Louis, Mo., for Senturia, Irwin-Richard.
Evans & Dixon, Henry D. Menghini, St. Louis, Mo., for First King Properties.
Paul E. Kovacs, Brinker, Doyen & Kovacs, Clayton, Mo., for Dennis P. Long.
John Cowling, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for Guarantee Elec. Co. & Hoffman Partnership Inc.
Carmody, MacDonald, Hilton & Wolf, John E. Hilton, Clayton, Mo., for Rankin & Krause.
Thompson & Mitchell, David Wells, St. Louis, Mo., for Catalano.
J. Peter Schmitz, Lawrence E. Kuder, Biggs, Boles, Kopman, Casserly, Fickie & Barnes, P.C., St. Louis, Mo., for Savings Inv. Service Corp.
Lewis & Rice, Robert S. Allen, David Sosne, Mann, Poger & Wittner, Howard A. Wittner, A. Thomas Dewoskin, Richard H. Ulrich, Shifrin & Treiman, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This case comes before the Court on the renewed motions of defendants Joseph Burkhardt and Richard Senturia to dismiss. In an order dated August 26, 1985 this Court dismissed the complaints of plaintiff Allright and the Cary defendants with respect to all counts other than Count I of each respective complaint. Count I of each complaint alleged violations by defendants Burkhardt and Senturia of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. (1985). Unlike the federal and state securities claims raised in the original complaints of Allright and the Cary defendants (hereinafter referred to collectively as "plaintiffs"), which sought rescission of a land transfer on behalf of a limited partnership in which plaintiffs held limited partnership interests and which, therefore, were derivative *1329 in nature, the RICO count sought individual damages for injury to business or property under 18 U.S.C. § 1964(c). The Court therefore could not sustain motions to dismiss Count I on the basis relied upon in dismissing the securities counts: that Missouri partnership law deprived plaintiffs as limited partners of standing to bring a derivative suit. See Order of this Court dated August 26, 1985; § 359.260, RSMo. This was so notwithstanding the fact that the "predicate acts" alleged by plaintiffs were precisely those securities law violations alleged by plaintiffs in the counts dismissed by the Court. The RICO count survived defendants' motions and effectively became a catch-all for plaintiffs' broad-based allegations of wrongdoing, and the Court found itself after dismissing twenty-five of twenty-six counts of plaintiff Allright's complaint with a case no less unwieldy than it had first been presented with, albeit one that ran solely against two defendants.
The Court felt this unfortunate result was dictated by precedent construing the civil RICO provision, 18 U.S.C. § 1964, as it had developed to that point. Having determined that plaintiffs had made adequate allegations of a nexus with interstate commerce, United States v. Rone, 598 F.2d 564 (9th Cir.1979), and that a prior criminal conviction for racketeering was not prerequisite to a civil action, Sedima, S.P.R.L. v. Imrex Co., ___ U.S. ___, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the Court concluded that plaintiffs had made out a claim under RICO sufficient to withstand a motion to dismiss. Subsequent developments in the case law, however, have persuaded the Court to reconsider its earlier position and to grant defendants' renewed motions.
In Sedima, supra, 105 S.Ct. at 3285, fn 14, the Supreme Court focused the attention of future litigants and the lower courts on the "pattern" element of a civil RICO action. While not ruling on the issue, the Court suggested that a bald inquiry into the number of alleged predicate acts would not suffice to establish a "pattern" for purposes of the Act. The Court reasoned that RICO did not target sporadic activity, no matter how many separate instances were alleged, and suggested that proper review of a RICO complaint on motion to dismiss would scrutinize the pleadings for allegations of a "pattern" characterized by "continuity plus relationship." Id. Mr. Justice Powell elaborated on this to stress the appropriate limitation of RICO to attacks on "planned, ongoing, continuing crime." Id. at 3289 (Powell, J., dissenting).
The lower courts have been quick to respond to the challenge presented by footnote 14 of Sedima, and the direction of development is clear. Mere recitation of multiple predicate acts cannot support a claim. "The question is the nature of the conduct under all of the circumstances.... Where there is only one purpose, one result, one set of participants, one victim and one method of commission, there is no continuity and, therefore, no pattern of racketeering activity." Torwest v. Dick, 628 F.Supp. 163, 166 (D.Colo.1986). See also United States v. Computer Sciences Corp., 689 F.2d 1181, 1189 (4th Cir.1982) (multiple mail fraud claims "essentially representing subdivisions of a single on-going illegal act" do not satisfy "pattern" requirement); Exeter Towers Association v. Bowditch, 604 F.Supp. 1547, 1554-55 (D. Mass.1985) (multiple frauds in course of single mortgage transaction); Northern Trust Bank v. Inryco, Inc., 615 F.Supp. 828, 832 (N.D. Ill.1985). This development has most recently been embraced by the Eighth Circuit in Superior Oil Co. v. Fulmer, 785 F.2d 252 (8th Cir.1986), citing the above cases with approval. In Superior Oil the Court of Appeals held that while plaintiff had proven the "relationship" prong of the Sedima test by proving multiple related acts of wire fraud directed toward the conversion by defendant of gas from Superior Oil's interstate pipeline, plaintiff had failed to satisfy the "continuity" requirement.
The actions of [defendants] comprised one continuing scheme to convert gas from Superior Oil's pipeline. There was no proof that [defendants] had ever done these activities in the past and there was *1330 no proof that they were engaged in other criminal activities elsewhere.
Id., at 257.
In the instant case, plaintiffs have failed to allege actions by defendants that would satisfy the "continuity" standard adopted by the Eighth Circuit. Plaintiffs have alleged multiple interrelated acts of wire fraud underlying alleged violations of federal and state securities laws, all of which are alleged to have been undertaken with the single purpose of effecting a transfer of real estate from one limited partnership to another. Plaintiffs do not allege that defendants have engaged in these activities in the past or that they are engaged in other criminal activities elsewhere. The "predicate acts" pleaded by plaintiffs essentially represent "subdivisions of a single on-going illegal act," Computer Sciences Corp., supra, and fail to meet the "pattern" requirement of RICO. Accordingly, the remaining count of plaintiffs' complaint must be dismissed.
Throughout the course of this litigation defendants have repeatedly raised objections to the manner of pleading employed by plaintiffs in this case, which has burdened the Court both by its sheer prolixity and by its attempt to bootstrap a state law cause of action into federal court by means of the federal securities laws and RICO. The Court in its August 26th order indicated its judgment that plaintiffs' claims essentially arose under state law and would best be dealt with by a state court. The "minimal nexus" with interstate commerce established by use of the telephones seemed a weak, if compulsory, basis for federalizing a partnership dispute. The Court reiterates its judgment at this point both to reaffirm that dismissal of plaintiffs' cause of action does not deprive them of a remedy under state law[1] and to emphasize its belief that the dismissal of plaintiffs' counts arising under federal law comports with general developments in judicial construction that seek to limit the reach of federal securities laws into the realms of state business law, see, e.g., Santa Fe Industries v. Green, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977), and the wholesale takeover of the law of securities fraud by RICO, see Sedima, supra, 105 S.Ct. at 3294-95 (Marshall, J., dissenting).
In view of the Court's ruling on defendants' motion to dismiss, defendants' motion in the alternative for summary judgment is denied as moot.

Plaintiff Allright's application to recover for costs of personal service
Defendants object to plaintiff's application to recover costs on the ground that they are not subject to the personal jurisdiction of this Court. Failure to return the notice and acknowledgement form upon receipt of mail service is not a proper means of challenging the jurisdiction of the Court. The Purpose of Rule 4(c)(2)(D) is "to encourage the prompt return of the form so that the action can move forward without unnecessary delay. Fairness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense." Report of the Judiciary Committee on the Federal Rules of Civil Procedure Amendments Act of 1982, H.R. 7154, U.S. Code Cong. & Admin.News 1982, pp. 4434, 4444, reprinted at 96 F.R.D. 81, 121.

ORDER
Pursuant to the memorandum filed herein on this date,
IT IS HEREBY ORDERED that the motions of defendants Joseph Burkhardt and Richard Senturia to reconsider the motion to dismiss Count I of plaintiff's second amended complaint and Count I of the Cary defendants' cross-claim and third-party complaint be and is granted.
IT IS FURTHER ORDERED that the motion of plaintiff filed December 27, 1984 *1331 to recover costs of personal service be and is granted. Plaintiffs shall recover from J. David Billeter, Robert Bluestein, Benjamin Ichinose, Irwin Senturia, Ricard H. Senturia, and Savings Investment Service Corporation the full amounts expended in obtaining personal service on those defendants as set forth in plaintiff's application.
NOTES
[1] The Court recognizes that the availability of a remedy under state law does not represent an adequate basis for a grant of summary judgment in federal court, Williams v. City of St. Louis, 783 F.2d 114 (8th Cir.1986), or, a fortiori, for dismissal of a cause of action, and does not base its dismissal on that ground.