Hubert Alle **SCHAAFSMA** and
Maria **Schaafsma**

v.

Richard A. **MARRINER.**

Civ. A. No. 85–300.

United States District Court,
D. Vermont.

Aug. 8, 1986.

Robert B. Hemley, Gravel & Shea, Burlington, Vt., for plaintiffs.

R. Scott McClain, McClain, Morgan & Savoy, Lake Charles, La., Thomas P. Salmon, Salmon & Nostrand, Bellows Falls, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

On June 27, 1986, defendant Richard A. Marriner ("defendant") filed with this Court a motion to dismiss the action for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(1),(6). On July 15, 1986, plaintiffs Hubert Alle Schaafsma and Maria Schaafsma ("plaintiffs") filed timely opposition to the motion to dismiss. For the reasons stated below the motion to dismiss is GRANTED.

This action follows an earlier decision in a related case, *Schaafsma v. Morin Vermont Corporation*, No. 83–254 (D.Vt.) *appeal docketed*, No. 85–7733 (2d Cir.1985). Plaintiffs assert a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18, U.S.C. §§ 1961 *et seq.* Plaintiffs had originally included this RICO claim in the earlier action but withdrew it in light of clear adverse law in *Sedima, S.P.R.L. v. Imrex Company Inc.*, 741 F.2d 482 (2d Cir.1984), requiring two predicate convictions and a racketeering injury. The Supreme Court subsequently struck down these requirements in *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

## FACTS

In 1981, plaintiffs purchased all of the stock of the Lamoille Realty Corporation, whose only assets were two lots of land in Troy, Vermont. Plaintiffs allege that defendant's agents represented that the land had a market value of $100,000 and consisted of 100.5 acres as described in an "Official Registered Survey Map." In fact, Lamoille's parcels amounted to only 75.4 acres with a market value of only $65,000. The complaint alleges that after the sale defendant's company, IMDA, S.A. received a $35,000 "commission" on the property in violation of Vermont Real Estate Commissions regulations. It is alleged defendant continues to cover-up the fraud by further misrepresentations.

In the complaint, plaintiffs have charged defendant with six acts of mail or wire fraud and one act of securities fraud in connection with the sale and subsequent cover-up. The mail and wire fraud charges involve a false prospectus, a director's consent letter, false maps and false title insurance descriptions.

## DISCUSSION

With a motion to dismiss, the factual allegations of the complaint must be taken as true. *Dahlberg v. Becker*, 748 F.2d 85 (2d Cir.1984) *cert. denied* —— U.S. ——, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Taking all facts pleaded by plaintiffs as true, plaintiffs have not stated a claim over which this Court has subject matter jurisdiction under 18 U.S.C. 1962.

Plaintiffs' burden in fashioning a private civil RICO action includes the following elements:

[They] must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962 (1976), commonly known as "criminal RICO". In so doing [they] must allege the existence of seven constituent elements: (1) that the defendant (2) through commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962(a)–(c)(1976).

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), *cert. denied* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984)

Plaintiffs allege that defendant has "directly and indirectly used income derived from a pattern of racketeering activity,—to operate and control Morin Vermont Corporation, IMDA and Lamoille Realty Corporation in violation of 18 U.S.C. sec. 1962(a)"; that defendant has "directly and indirectly maintained his interest in and/or control of

Morin Vermont Corporation, IMDA and Lamoille Realty Corporation through a pattern of racketeering activity—in violation of 18 U.S.C. Sec. 1962(b)"; and that defendant has "directly and indirectly participated in the conduct of said enterprises through a pattern of racket-eering activity—in violation of 18 U.S.C. Sec. 1962(c)." Complaint at ¶¶ 22–24.

Defendant contends that the alleged predicate acts were motivated by and in furtherance of the sale to plaintiffs of property owned by Lamoille Realty Corporation. Further defendant argues that this land transaction constitutes a single, closed-end episode which does not qualify under RICO as a pattern of racketeering activity. Defendant's Memorandum in Support of Motion to Dismiss filed June 27, 1986 at pp. 5–6.

Defendant, relying on the infamous footnote 14 of the Supreme Court's opinion in *Sedima*, calls on the Court to find evidence of repeated and continuous activity plus a relationship between the specific criminal predicate acts involved.[1] In support of this position defendant has directed the Court to numerous court decisions of late requiring a pattern of racketeering to be shown by evidence of more than a single isolated episode.

Plaintiffs argue that the Second Circuit law stated in *United States v. Parness*, 503 F.2d 430 (2d Cir.1974), *cert. denied* 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975) clearly rejects this argument and plaintiffs contend that two related predicate acts are all that is required. Moreover, plaintiffs state that the Court should not disregard *Parness* because of the *dicta* mentioned by the Supreme Court in *Sedima*. Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss filed July 15, 1986 at p. 4. Plaintiffs ask the Court to heed the call of Congress that RICO be read broadly and construed liberally. Pub.L. 91–452 § 904(a), 84 Stat. 947.

Defendant does rely on *dicta* stated in *Sedima;* but it is *dicta* which has been mentioned in virtually every case considering the pattern of racketeering element under RICO since the Supreme Court's decision in *Sedima*. The pattern of racketeering issue has become a mountain overshadowing much of the RICO landscape. Within the past year and one-half over forty decisions have been published by federal courts on what constitutes a pattern of rackeering activity. Three basic lines of cases have evolved: one line holds closely to the language of the statute requiring no more than two related predicate acts and two lines have interpreted the language in footnote 14 of *Sedima* to require more than two related predicate acts.[2]

---

1. In *Sedima* the Supreme Court quoted with approval from a Senate and House Report:

   The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one "racketeering activity" and the threat of continuing activity. It is this factor of *continuity plus relationship* which combines to produce a pattern ... Significantly, in defining pattern in the same bill, Congress was more enlightening. Criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated incidents.

   *Sedima.* 105 S.Ct. at 3285 n. 14 (emphasis in original).

2. The Court notes that three basic interpretations of the *Sedima dicta* of continuity have evolved:

   Some courts require only that the predicate acts alleged be "related" to one another. *R.A.*

   *G.S. Couture Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985). Other courts recognize that *Sedima* requires a RICO plaintiff to demonstrate both continuity and relationship among the predicate acts, but have refused to find that the acts must have taken place in furtherance of separate fraudulent schemes. *Trak Microcomputer Corp. v. Wearne Bros.* 628 F.Supp 1089 (N.D.Ill.1985); *Graham v. Slaughter,* 624 F.Supp. 222 (N.D.Ill.1985). Still other courts have interpreted *Sedima's* "continuity" requirement to indicate that the predicate acts must have taken place in the course of different criminal episodes or fraudulent schemes. *Superior Oil Co. v. Fulmer,* 785 F.2d 252 (8th Cir.1986); *Grant v. Union Bank,* 629 F.Supp 570 (D.Utah 1986); *Kiedietbank v. Morris,* No. 84–1903 (D.N.J. June 9, 1986); *Medallion T.V. Enterprises v. SelecTV of California,* 627 F.Supp 1290 (C.D.Cal.1986); *Northern Trust Bank/O'Hare N.A. v. Inryco Inc.,* 615 F.Supp. 828 (N.D.Ill.1985).

The majority of courts have concluded that one limited episode of two or more predicate acts does not meet the element of a pattern of racketeering under RICO. *See Medical Emergency Service Associates v. Foulke,* 633 F.Supp. 156 (N.D.Ill.1986) (multiple meetings in furtherance of single criminal episode insufficient to allege pattern); *Allright Missouri Inc. v. Billeter,* 631 F.Supp. 1328 (E.D.Mo.1986) (multiple wire fraud acts underlying single real estate transaction does not show continuity sufficient to meet pattern element); *Dunham v. Independence Bank of Chicago,* 629 F.Supp. 983 (N.D.Ill.1986) (predicate acts in execution of single scheme do not satisfy pattern requirement); *Torwest DBC Inc. v. Dick,* 628 F.Supp. 163 (D.Colo. 1986) (single scheme to defraud insufficient); *Medallion TV Enterprises, Inc. v. SelecTv of California,* 627 F.Supp. 1290 (C.D.Cal.1986) (separate criminal episodes required); *Fleet Management Systems, Inc. v. Archer-Daniels-Midland Company, Inc.,* 627 F.Supp. 550 (C.D.Ill.1986) (multiple criminal episodes required); *Kredietbank N.V. v. Joyce Morris, Inc.,* No. 84–1903 (D.N.J. October 1985); *Allington v. Carpenter,* 619 F.Supp. 474 (D.C.Cal.1985) (pattern requires multiple criminal episodes and common perpetrators); *Professional Assets Management Inc. v. Penn Square Bank,* 616 F.Supp. 1418 (W.D.Okla.1985) (multiple criminal episodes required); *Northern Trust Bank/O'Hare v. Inryco. Inc.,* 615 F.Supp. 828 (N.D.Ill.1985) (multiple criminal episodes required); *Exeter Towers Associates v. Bowditch,* 604 F.Supp. 1547 (D.Ma.1985) (two related predicate acts insufficient to meet pattern requirement). These decisions rest on the Supreme Court's statement that "while two acts are necessary, they may not be sufficient—It is this factor of *continuity plus relationship* which combines to produce a pattern." *Sedima,* 105 S.Ct. at 3285 n. 14. Additionally, the courts have relied on the legislative history of RICO. "[L]egislative history clearly indicates what Congress had in mind when it enacted RICO—to halt the infiltration of a legitimate business by or-

*Agristor Leasing v. Meuli,* 634 F.Supp. 1208, 1225

ganized crime." *Fleet Management Systems, Inc. v. Archer-Daniels-Midland Company, Inc.,* 627 F.Supp. 550, 554 (C.D. Ill.1986).

The Second Circuit Court of Appeals has yet to rule on the issue. However, the position of most of the district courts in this Circuit is consistent with the majority of the federal courts nationally. "[A] single unlawful transaction does not give rise to a civil RICO claim, even if the transaction was accomplished through a number of constituent offenses, such as multiple mailings ... this construction of the pattern requirement is the only construction that effectuates Congress' intent to avoid imposition of RICO liability where there have been only isolated or sporadic criminal acts." *Frankart Distributors, Inc. v. RMR Advertising, Inc.,* 632 F.Supp. 1198 (S.D.N.Y.1986 1986) (Tenney, J). "To hold [a] single scheme constitutes a pattern of racketeering activity would be to cause a single fraudulent episode into its component parts. The plaintiffs have not alleged that the defendants have engaged in similar schemes to deprive other investors, nor is there any evidence that this particular scheme is on-going or continuous." *Richter v. Sudman,* 634 F.Supp. 234, 240 (S.D.N. Y.1986) (Goettel, J.).

Case law in this Circuit clarifies that under the pattern element "to be 'continuous' requires more than a single transaction, not necessarily more than a single scheme. In other words, 'while a RICO claim must involve different criminal episodes, i.e. transactions 'somewhat separated in time and place,' ... an open-ended scheme may include a sufficient number of independent episodes to satisfy the 'continuity' factor of *Sedima.*'" *Soper v. Simmons International, Ltd.,* 632 F.Supp. 244, 253 (S.D.N.Y.1986) (Sand, J.) (quoting *Graham v. Slaughter,* 624 F.Supp. 222, 225 (N.D.Ill.1985) (citations omitted).

In *Furman v. Cirrito,* No. 82–4428, slip op. at 15 (S.D.N.Y. March 12, 1986) [Available on WESTLAW, DCTU database] (D.Kan.1986).

Judge Cooper concluded that while alleged mail and wire frauds were related, they were related to a single scheme involving a single sale. Therefore the Court declined to find a pattern because "[t]here [was] no allegation that the defendants were involved in other such episodes, or that this scheme was on-going." *Id.*

In *Crummere v. Brown*, No. 85–1376, (S.D.N.Y. April 3, 1986) [Available on WESTLAW, DCTU database]. Judge Sweet found alleged "multiple predicate acts" to be simply a series of events required to complete a single scheme of fraud and dismissed the claim for lack of a pattern of racketeering. Other district courts within the circuit have similarly found that two or more predicate acts related to a limited scheme of unlawful activity fail to establish a pattern of racketeering activity. *See Utz v. Correa*, 631 F.Supp. 592 (S.D.N.Y.1986) (Leisure, J.) (single unified activity does not create a pattern); *Modern Settings Inc. v. Prudential-Bache Securities*, 629 F.Supp. 860 (S.D.N.Y.1986) (Cooper, J) (continuity lacking with one episode); *Anisfeld v. Cantor Fitzgerald & Co. Inc.*, 631 F.Supp. 1461 (S.D.N.Y.1986) (Pollack, J) (repeated criminal activity required); *Rojas v. First Bank Nat'l Ass'n*, 613 F.Supp. 968 (E.D.N.Y.1985 (McLaughlin) (at least two acts and threat of continuing activity required).

Plaintiffs rely on case law holding that two related predicated acts arising out of a single scheme do constitute a pattern. *See R.A.G.S. v. Hyatt*, 774 F.2d 1350 (5th Cir. 1985) (two related acts of mail fraud furthering one scheme can constitute a pattern); *Alexander Grant & Co. v. Tiffany Industries, Inc.*, 770 F.2d 717 (8th Cir.1985) (mail and wire fraud in furtherance of single scheme sufficient); *Illinois Dept. of Revenue v. Philips*, 771 F.2d 312 (7th Cir. 1985) (mailing of nine fraudulent tax returns over nine months constitutes a pattern); *Pandick Inc. v. Rooney*, 632 F.Supp. 1430 (N.D.Ill.1986) (predicate acts with one common purpose satisfies pattern requirement); *Bush Development Corp. v. Harbour Place Associates*, 632 F.Supp. 1359 (E.D.Va.1986) (two related predicate acts

sufficient to form RICO pattern); *Pennsylvania v. Derry Construction Company*, 617 F.Supp. 940 (W.D.Pa.1985) (several acts of mail fraud in furtherance of one scheme to defraud can constitute a pattern); *Miller Brewing Co. v. Landau*, 616 F.Supp. 1285 (E.D.Wis.1985) (four acts of mail and wire fraud furthering one scheme establishes pattern). The rationale behind these cases has been the clear message of Congress to read broadly the remedial purpose of RICO. Pub.L. 91–452 § 904(a) 84 Stat. 947. Further, these courts have read the Supreme Court's *dicta* in footnote 14 of *Sedima* to require only two related predicate acts.

Interestingly, some of the case law supporting plaintiffs' position has been undercut by recent decisions. The Eighth Circuit held initially that a pattern arises out of one episode. *See Alexander Grant & Co. v. Tiffany Industries, Inc.*, 770 F.2d 717, 718, n. 1 (8th Cir.1985) (plaintiff accounting firm had alleged a sufficient "pattern of racketeering activity" in charging that defendant submitted false documents to obtain a favorable report in 1977). However, in *Superior Oil Co. v. Fulmer*, 785 F.2d 252, 257 (8th Cir.1986), the Eighth Circuit held that plaintiff failed to allege a pattern in an action where there was no proof of more than one continuing scheme to convert gas from plaintiff's pipeline.

Plaintiffs argue that case law within this district amply supports their claim that their allegations meet all of the elements of a RICO claim. Plaintiffs cite two cases, *First Federal Savings & Loan v. Oppenheim, Appel, Dixon & Co.*, 629 F.Supp. 427 (S.D.N.Y.1986) (Lasker, J.) and *Conan Properties, Inc., v. Mattel, Inc.*, 619 F.Supp. 1167 (S.D.N.Y.1985) (Duffy, J). In *First Federal Savings & Loan* the Court held that the mailing of audit confirmation letters to five investors on three separate days satisfied the pattern requirement. *First Federal Savings & Loan*, 629 F.Supp. at 455. The Court finds that *First Federal Savings & Loan* is distinguishable since there the scheme was directed at multiple defendants whereas here the un-

lawful activity was directed at a husband and wife couple.

In *Conan Properties* the Court rejected the argument that "two instances do not adequately allege a 'pattern of racketeering activity.'" *Conan Properties, Inc.,* 619 F.Supp. at 1170. The Court notes that this case, decided soon after the Supreme Court's decision in *Sedima,* did not have the benefit of much of the recent case law holding that two instances of a single limited scheme do not satisfy the pattern requirement. Further, the Court feels that the weight of the recent case law within the Second Circuit supports holding that a single limited episode of unlawful activity does not satisfy the requirement under RICO of a pattern of racketeering activity.

The overwhelming majority of cases addressing this issue within this circuit and nationwide have held that a single unlawful transaction which is not continuous and ongoing does not give rise to a civil RICO claim. This holds true even if the transaction involves a number of constituent offenses.

Here, the component parts of this single land/stock transaction do not satisfy the continuity requirement set down by the Supreme Court in *Sedima* and by Congress in the legislative history of RICO. Assuming the validity of the allegations defendant committed fraud in a transaction involving land. Plaintiffs presented no evidence of any other illegal schemes of defendant against these plaintiffs or others. Further, the Court holds that the allegations fail to show a continuing fraudulent activity which is sufficient to state a claim under RICO.

"Where there is only one purpose, one result, one set of participants, one victim and one method of commission, there is no continuity and, therefore, no pattern of racketeering activity." *Torwest DBC, Inc. v. Dick.,* 628 F.Supp. 163, 166 (D.Colo. 1986). Here there was one purpose—a transaction involving land; one result,—a sale of land acreage less than allegedly represented; one set of participants—defendant, defendant's agents, Lamoille Real-

ty Corporation, Morin Vermont Corporation and Industrial & Management Development Associations, s.a; one victim—plaintiffs, husband and wife, who purchased the land; and one method of commission—through the use of fraudulent representations.

### CONCLUSION

The Court lacks subject matter jurisdiction to hear the RICO claim because the alleged transaction is a single episode of such a limited nature that it does not meet the pattern of racketeering activity element of § 1962.

SO ORDERED.