528 F.Supp. 346 (1981)
Dean BERGER, Eugene V. Heisler, Roland F. Murman, Ralph Schmidgall, and W. Harry Wilson, Plaintiffs,
v.
BISHOP INVESTMENT CORPORATION, R. Rowland & Co., Inc., Truett H. Peachey, and Ronald E. West, Defendants.
No. 81-1040C(C).
United States District Court, E. D. Missouri, E. D.
November 30, 1981.
Harry Moline, St. Louis, Mo., for plaintiffs.
Richard Sher and William Cooper, St. Louis, Mo., for defendants.
Truett Peachey, pro se.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on motion of defendants Bishop Investment Corporation and Ronald E. West to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, this motion will be granted.
Plaintiffs in this action are purchasers of limited partnership units in Diamond Associates, Ltd. These units were offered and sold to plaintiffs by R. Rowland & Co., Inc. ("Rowland"), a registered broker/dealer with its principal place of business in St. Louis, Missouri. Plaintiffs allege that Bishop Investment Corporation ("Bishop"), a *347 California corporation, arranged for and assisted Rowland in making this sale. Plaintiffs further allege that Ronald E. West is a stockholder and "controlling person" in Bishop within the meaning of § 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78t(a), and that Truett H. Peachey was the manager of Diamond Management, Inc., the managing partner of Diamond Associates, Ltd., as well as an officer and "controlling person" of that limited partnership within the meaning of § 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78t(a).
In their complaint, plaintiffs claim that when the limited partnership units were sold to them, defendants represented to them, inter alia, that Mr. Peachey had constructed numerous homes, apartments, office buildings, hospitals, shopping center complexes, and other major projects and that Mr. Peachey would guarantee a return equal to 8% of their invested dollars in the limited partnership units for the first three years of the partnership. Plaintiffs assert, however, that defendants intentionally or recklessly failed to inform them that Peachey Construction Company had previously filed a petition in bankruptcy in the Bankruptcy Court in Houston, Texas.
Plaintiffs claim that omission of this information constitutes a violation of the Securities and Exchange Act of 1934, as amended, 15 U.S.C. § 78a, et seq., and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[1] Plaintiffs seek to recover the sum of $62,500, which represents the amount they paid for the limited partnership units in Diamond Associates, Ltd., plus costs.
Although plaintiffs' claim is brought under the provisions of the Securities and Exchange Act of 1934, the acts of which they complain state a claim on which relief can be granted under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2), which provides:
"Any person who 
... offers or sells a security (whether or not exempted by the provisions of section 3, other than paragraph (2) of subsection (a) thereof), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,
shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."
Defendant Bishop falls within this provision insofar as it participated in the sale of the partnership units and was a party to the misrepresentations. See 3 Bromberg, Securities Law: Fraud  S.E.C. Rule 10b-5, § 8.5(315). Defendant West falls within the provision insofar as he is a "controlling person" of Bishop. See § 15 of the Securities Act of 1933, 15 U.S.C. § 77o.
Plaintiffs' complaint nowhere mentions the terms of § 12(2), and with good reason. Under the Securities Act of 1933, plaintiffs' § 12(2) claim would be time barred. Section 13 of that Act, 15 U.S.C. § 77m, states:
"No action shall be maintained to enforce any liability created under section 11 or section 12(2) unless brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence... In *348 no event shall any such action be brought to enforce a liability created ... under § 12(2) more than three years after the sale."
In this case the sale of the securities took place in 1977, but suit was not brought until 1981, more than three years later.
The Securities and Exchange Act of 1934 contains no similar statute of limitations. Under that Act, the applicable statute of limitations is provided by state law, but is subject to a federal equitable tolling doctrine. Koke v. Stifel, Nicolaus & Co., Inc., 620 F.2d 1340 (8th Cir. 1980). By bringing their action under the 1934 Act, plaintiffs apparently thought that they could make an end run around the more rigorous limitations period of the 1933 Act and invoke this tolling doctrine to preserve their claim.
There was at least one other advantage to plaintiffs in bringing their action under the 1934 Act: that Act does not require them to put up security before bringing suit. By contrast, § 11(e) of the 1933 Act, 15 U.S.C. § 77k(e) states:
"... In any suit under this or any other section of this title the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees..."
In their motion to dismiss, defendants argue that plaintiffs should not now be allowed to invoke the more liberal provisions of the 1934 Act and avoid these limitations where their claim could have properly been brought under the 1933 Act. This Court agrees.
Lower federal courts have long held that a private damage action can be implied under § 10(b) of the 1934 Act and Rule 10b-5. Kardon v. National Gypsum Co., 69 F.Supp. 512 (E.D.Pa.1946). However, there has been serious debate as to whether a plaintiff can pursue a Rule 10b-5 remedy for misstatements or omissions in the sale of securities governed by the 1933 Act. The majority of courts has held that the availability of an express remedy under the 1933 Act does not preclude the bringing of an action under § 10(b) of the 1934 Act and Rule 10b-5. See In re New York City Municipal Securities Litigation, 507 F.Supp. 169, 178 (S.D.N.Y.1980). But there is persuasive authority to the contrary. See Rosenberg v. Globe Aircraft Corporation, 80 F.Supp. 123 (E.D.Pa.1948); 3 Loss, Securities Regulation 1778-91 (2d. ed. 1961); 6 Loss, Securities Regulation 3916-17 (1969).
The relationship between actions under the 1933 Act and the 1934 Act was recently before the Supreme Court in Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). In that case the high court expressly reserved "the question of whether an implied action under § 10(b) of the 1934 Act and Rule 10b-5 will lie for actions made a violation of the 1933 Act and the subject of express civil remedies under the 1933 Act." Id., 421 U.S. at 752 n. 15, 95 S.Ct. at 1933. However, in Blue Chip Stamps and in succeeding opinions, the Court has emphasized that Congressional intent is critical to a reading of the securities acts. See Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); Touche Ross & Co. v. Redington, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); Santa Fe Industries, Inc. v. Green, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). In each case the Court has declined to take an expansive reading of the statutory formulation in consideration and has instead looked closely at the language itself and at the legislative history and intent. McFarland v. Memorex, 493 F.Supp. 631, 654 (N.D.Ca. 1980).
Viewing the legislative history and intent behind the 1933 and the 1934 Acts, there can be little doubt that these two pieces of legislation are in pari materia. See 6 Loss, Securities Regulation, supra at 3915-16. They constitute one comprehensive scheme of regulation and must be read as such. In the 1933 Act, Congress prescribed in elaborate detail procedural requirements which must be fulfilled in order to enforce civil liability for violations of the sort present in this case. Allowing plaintiffs to bring an action under the 1934 Act where these requirements *349 have not been satisfied would render § 12(2) of the 1933 Act a nullity. But cf. Wachovia Bank & Trust v. Nat. Student Marketing, 650 F.2d 342, 356 (D.C. Cir.1980). This clearly violates the "cardinal principal of construction that repeals by implication are not favored," United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939), quoted in Silver v. New York Stock Exchange, 373 U.S. 341, 357, 83 S.Ct. 1246, 1257, 10 L.Ed.2d 389 (1963), and given the unified nature of the 1933 and 1934 Acts, it simply could not have been Congress' intent. The Supreme Court appeared to recognize this in its decision in Blue Chip Stamps, supra, 421 U.S. at 736, 95 S.Ct. at 1925-26, when it stated that:
"[I]t would indeed be anomalous to impute to congress an intention to expand the plaintiff class for a judicially implied cause of action beyond the bounds it delineated for comparable express causes of action."
Furthermore, the Supreme Court recently appeared to question whether a private cause of action should even have been implied under § 10(b) of the 1934 Act. In Touche Ross & Co. v. Redington, supra, the court emphasized that in recognizing an implied right of action under § 10(b), it was merely acquiescing in the position taken by lower federal courts. Given that there is doubt as to whether such actions should be implied at all, there seems to be little justification for allowing such actions in cases, such as the one sub judice, where an express remedy is available.
For the foregoing reasons, this Court now holds that where a plaintiff has an express civil remedy under § 12(2) of the 1933 Act, he may not avail himself of an implied cause of action under § 10(b) of the 1934 Act and Rule 10b-5. The Court is aware that this result may have the effect of placing sellers in a better position under the securities acts than buyers under certain circumstances. Nevertheless, such a result is clearly less offensive to the statutory framework erected by Congress than a finding that a significant portion of that framework is wholly ineffective. Compare 3 Loss, Securities Regulation, supra at 1778-92 with Ellis v. Carter, 291 F.2d 270, 272-74 (9th Cir. 1961).
As noted above, plaintiffs in this action could have brought suit under § 12(2) of the 1933 Act. They are therefore precluded now from proceeding under the 1934 Act. Although plaintiffs' complaint does state a claim under § 12(2) of the 1933 Act, their § 12(2) action is time barred in that it was brought more than three years after the limited partnership units were purchased. Accordingly, defendants' motion to dismiss is granted, and plaintiffs' complaint is hereby dismissed.
NOTES
[1] Plaintiffs also alleged that this omission violated certain provisions of the Missouri Uniform Securities Act. This state law claim was dismissed by this Court as time barred in an order and memorandum dated October 23, 1981.