581 F.Supp. 23 (1984)
Murray SOHN
v.
SHOW PETROLEUM INCORPORATED, Smile Energy, Inc., Steve Howeth, Diversified Business Services, Inc., Paul K. Clark, George J. Dickherber, Francis R. Dickherber.
No. 83-1948C(1).
United States District Court, E.D. Missouri, E.D.
March 8, 1984.
*24 Charles F. DuFour, Clayton, Mo., for plaintiff.
Margaret Zonia Morrison, Michael B. Stern, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This matter is before this Court on two separate motions filed by defendants Clark, G. Dickherber and F. Dickherber: one being a motion for summary judgment and the other a motion to dismiss. For the reasons stated below, both motions are denied.
Plaintiff brings the present action against a number of defendants, including Paul Clark, George Dickherber and Francis Dickherber for violations of state and federal securities laws. Count I is for violations of Rule 10b-5 of the federal Securities and Exchange Commission, and Count II alleges violations of the Missouri Uniform Securities Act, Chapter 409 R.S.Mo. (1978). The first motion filed by the three specific defendants in response to the complaint is a motion for summary judgment. The sole ground upon which defendants base their motion is that plaintiff executed a release, whereby he exempted them from any liability for claims arising out of the security transactions in question. Thus, the issue of whether to grant defendants' motion revolves around the validity of the release.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts *25 showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright A. Miller and M. Kane, Federal Practice and Procedure: Civil 2d § 2739 (1983).
Plaintiff does not deny the execution of the release, but challenges its legitimacy. Plaintiff first argues that § 409.545 R.S.Mo. (1978) bars releases and waivers of compliance with the Missouri security laws. Section 409.545 exclusively addresses takeover bids, and plaintiff has made no allegations regarding this area of the law. Yet, § 409.411(g) R.S.Mo. (1978), specifically states: "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this act or any rule or order hereunder is void." It is therefore clear from this language that defendants' release is not valid with respect to the Count II claim, for Missouri statutory violations. The release calls upon plaintiff to waive compliance with the Missouri statutes, and cannot be considered as a bar to Count II of the complaint.
The statute does not affect the release of the federal securities law claim, however. It is well settled that a release is an absolute bar to any and all claims covered by the release. Mannke v. Benjamin Moore & Co., 375 F.2d 281, 285 (3rd Cir. 1967). Yet, a release is void or voidable in Missouri if induced by fraud. McMahon v. Meredith Corp., 595 F.2d 433, 438 (8th Cir.1979). Plaintiff in the present action has challenged the validity of the release by alleging, via his own affidavit, that he was induced by defendants' fraudulent misrepresentations to enter into the release. The affidavit thus introduces the question of the presence of fraud into the motion at hand.
Plaintiff has filed an affidavit with this Court in which he asserts that he was fraudulently induced to sign the release. He attests that defendants threatened to file bankruptcy upon plaintiff's refusal to sign the release. He further maintains in the affidavit that defendants conditioned a promise to make his investment profitable upon his signature of the release. In providing evidence that the release was fraudulently executed, plaintiff has raised a question of fact concerning the validity of the release. The presence of factual issues makes summary judgment inappropriate.
In a separate motion to dismiss, the same three mentioned defendants argue that Count II of the complaint concerning Missouri statutory violations is barred by the statute of limitations. Plaintiff relies upon § 409.411 R.S.Mo. (1978), as the basis for his claim for relief in Count II. Section 409.411(e), however, contains the language "[n]o person may sue under this section more than two years after the contract of sale." The date of the contract of sale is the date when the seller becomes obligated to convey the securities. Frizzell v. Stewart Lumber Co., 329 Mo. 376, 44 S.W.2d 615, 617 (1931). Defendants argue that plaintiff has stated in answer to interrogatories that the securities sales agreements were entered into between February 18, 1980, and July 27, 1981. The complaint was filed by plaintiff on August 10, 1983, which is more than two years from the date of the last sales agreement. Defendants are correct in their statements that the statute of limitations bars claims brought two years after individual contracts of sale. Koke v. Stifel, 620 F.2d 1340 (8th Cir.1980). Yet the complaint alleges that sales were made between December 10, 1980, and August 9, 1982. Furthermore, answers to interrogatories reveal that at least one letter agreement, Hames # 4, was entered into on August 18, 1981, which is prior to the expiration of the period of limitations. Finally, a distinction is made in the interrogatory answers between letter agreements and operators agreement. Different dates appear for each form. Because it is unclear to this Court when the actual contracts of sale were entered into, defendants' motion to dismiss will be denied. Should it become clear upon the submission of additional evidence, however, that some of the transactions occurred beyond the statute of limitations, those claims shall be dismissed.