637 F.Supp. 1034 (1986)
Marvin J. CLODFELTER, Gloria M. Clodfelter, Plaintiffs,
v.
John L. THUSTON, Ann Thuston, Richard M. Faust, Jan D. Clift, Bar Van Co., Inc., Defendants.
No. 85-1713C(6).
United States District Court, E.D. Missouri, E.D.
June 24, 1986.
*1035 *1036 Jeffrey B. Hunt, John M. Hessel, Lewis & Rice, St. Louis, Mo., for plaintiffs.
Jan D. Clift, Bruce Nangle, Nangle & Nangle, David Campbell, Campbell & Campbell, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
Plaintiffs brought this eleven-count securities fraud action against five defendants. The defendants are three general partners of a partnership in which plaintiffs purchased limited partnership interests, an accounting firm which employed one of these general partners, and a businessperson who together with the other individual defendants owned an equity interest in two corporations which were allegedly involved in the partnership's affairs. The complaint alleges that plaintiffs were induced by misrepresentations to invest a total of $25,000 ($15,000 in March 1983, $6,000 in June 1983 and $4,000 on July 30, 1983) in a limited partnership formed to raise equity for a real estate development venture in the Lake of the Ozarks area in Missouri. Defendants John and Ann Thuston (referred to in the complaint jointly as "Thuston") and defendant Faust were general partners of the partnership. Defendant Faust, an agent of defendant Bar Van Co., an accounting firm, was also plaintiffs' accounting and tax consultant. The alleged misrepresentations on the part of these defendants include failure to disclose the risks of the investment, failure to disclose that plaintiffs were the only partners making cash contributions to the partnership, and failure to disclose the participation and involvement in partnership affairs of two corporations in which defendants Thuston, Faust and Clift had equity interests. The assets of the partnership, i.e., plaintiffs' cash contributions, were allegedly transferred to the assets of these two corporations.
The complaint further alleges that plaintiffs began to suspect the soundness of *1037 their investment in August 1984 when their request to inspect partnership books was denied, but that they were repeatedly reassured by defendants Thuston and Faust that "all was well."
The present action was commenced on July 29, 1985; the first amended complaint was filed on December 13, 1985. Counts I through VII are against the Thustons and Faust. Count I claims that the above recited facts constitute a scheme or artifice to defraud in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the Securities Exchange Commission. Count II is brought under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961-68, claiming that the sales of partnership interests to plaintiffs and other investors constitute a pattern of racketeering activity by an enterprise in violation of § 1961(4) of the Act. Count III is a claim of common law fraud. Count IV seeks recission of the three 1983 transactions claiming that the allegedly untrue statements made by defendants Thuston and Faust were in violation of § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2) (civil liabilities arising in connection with prospectuses and communications). Count V claims breach of the fiduciary duty owed by general partners to limited partners under state law. Count VI seeks recovery under Missouri's blue sky law, Mo.Rev.Stat. § 409.411(a)(1), on the ground that the Thustons and Faust were not registered as investment advisors and the limited partnership was not a registered security. Count VII seeks recovery under Mo.Rev.Stat. 409.411(a)(2), the state securities anti-fraud provision.
Count VIII is against Faust and Bar Van Co., as Faust's employer, for breach of the fiduciary duty owed to plaintiffs as their financial advisor. Count IX against the Thustons and Faust appears to be a claim under Missouri law for monies had and owing. Count X claims conversion of plaintiffs' capital contribution in the partnership to two corporations in which the Thustons and Faust had equity interests. Finally, Count XI, the only count against defendant Clift, claims interference by Clift, individually and on behalf of the two above-mentioned corporations, with plaintiffs' business relationship with the partnership.
Now under consideration are John and Ann Thuston's joint motion to dismiss all the counts against them, these defendants' separate motions for summary judgment, and plaintiffs' cross-motion for summary judgment against these two defendants.
The Court begins by noting that in ruling on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. 355 U.S. at 45-46, 78 S.Ct. at 101-102. In ruling on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. A movant is entitled to summary judgment only if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. See also Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983).

DEFENDANT THUSTON'S MOTION TO DISMISS

§ 10b and Missouri's Blue Sky Law
Defendants first argue that any claims in Counts I (10b-5), VI and VII (Missouri's blue sky statute) based on the March and June 1983 transactions are barred by the applicable two year statute of limitations. As noted above, the complaint was filed on July 29, 1985, more than two years after these two transactions.
In Morris v. Stifel, Nicolaus & Co., 600 F.2d 139 (8th Cir.1979), the Eighth Circuit Court of Appeals held that federal suits under § 10(b) and Rule 10b-5 brought in Missouri must be filed within the period of limitations contained in Mo.Rev.Stat. § 409.411(e), which provides "[n]o person *1038 may sue under this section more than two years after the contract of sale." For such federal claims the limitations period begins to run "only from the date of discovery of the fraud or from the date the fraud upon reasonable inquiry should have been discovered." Vanderboom v. Sexton, 422 F.2d 1233, 1240 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). "It is not only the subjective judgment of the defrauded party that is relevant. Commencement of the period is also tested by an objective standard of reasonable diligence on the part of the plaintiff in discovering the fraud." Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 692 (8th Cir.1981). "Investors are not free to ignore warning signals which would cause a reasonable person to ask questions, but must exercise reasonable care and diligence in seeking to learn the facts which would disclose fraud." Koke v. Stifel, Nicolaus & Co., 620 F.2d 1340, 1343 (8th Cir.1980). See also Sohn v. Show Petroleum, Inc., 581 F.Supp. 23, 25 (E.D.Mo.1984).
Plaintiffs in the present case argue that the limitations period on its 10b-5 claim did not begin to run until August 1984 at the earliest, the date the first amended complaint alleges plaintiffs' request to inspect the partnership's books and records was denied, and that the suit was thus timely.
Under the standard for ruling on a motion to dismiss set forth above, the Court cannot conclude that there exists no set of facts under which plaintiffs' 10b-5 claim would be timely. Furthermore, the Court concludes that the allegations of fraud in Count I are specific enough to satisfy the requirements of Rule 9(b), Fed. R.Civ.P. Accordingly, defendants' motion to dismiss Count I of plaintiffs' complaint is denied.
Counts VI and VII of the complaint arise under Missouri securities laws. The federal doctrine of tolling is not applicable to these claims. See Vanderboom v. Sexton, 422 F.2d at 1240. Plaintiff has cited no Missouri decisions in which the two year statute of limitations of Mo.Rev.Stat. § 409.411(e) was tolled. Indeed, the Missouri Supreme Court has held that where, as here, a statute of limitations is a special one and not included in the general chapter on limitations, "the running thereof cannot be tolled because of fraud, concealment, or any other reason not provided in the statute itself." State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347, 359 (en banc 1944). In Frazee v. Partney, 314 S.W.2d 915, 919 (Mo.1958), the Missouri Supreme Court ruled that "[a] special statute of limitations must carry its own exceptions, and we may not engraft others upon it." Thus, the Court concludes that the two year statute of limitations provided for by § 409.411(e) must be applied strictly to plaintiffs' state claims in Count II. See Berger v. Bishop Investment Corp., 528 F.Supp. 346 (E.D.Mo.1981) (order granting defendants' motion to dismiss Count II of plaintiffs' complaint).
Accordingly, defendants' motion to dismiss the claims in Counts VI and VII of plaintiffs' complaint based upon the March and June 1983 transactions is granted.

§ 12(2) of the Securities Act of 1933
Defendants argue that Count IV of plaintiffs' complaint seeking recission under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2), is time barred by the statute of limitations contained in § 13 of the Act, 15 U.S.C. § 77m, which provides that
no action shall be maintained to enforce any liability created under section ... 77l(2) of this title unless brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence.... In no event shall any such action be brought ... more than three years after the sale.
Plaintiffs repeat their argument advanced to defeat defendants' motion to dismiss the 10b-5 claim, i.e., that the limitations period did not begin to run until August 1984 at the earliest, the date the first amended complaint alleges plaintiffs were denied access to partnership books and *1039 records. Thus, argue plaintiffs, the claim under 15 U.S.C. § 77l(2), filed on July 29, 1985 was timely.
Defendants argue that indeed denial of access to books would start the limitations period running, but that plaintiffs are bound by their allegation in the original complaint that such access was denied January 1984.
The Court concludes that plaintiffs are not precluded, as defendants argue, from asserting that they were first denied access to the records in August 1984. Once an amended pleading is interposed, the original pleading no longer performs any function in the case and therefore admissions in the superceded pleading may only be taken advantage of by introducing the pleading into evidence. Fruco Construction Co. v. McClelland, 192 F.2d 241 (8th Cir.), cert. denied, 342 U.S. 945, 72 S.Ct. 558, 96 L.Ed. 703 (1951); 6 C. Wright & A. Miller, Federal Practice & Procedure 389-91 (1971).
The Court concludes, however, that Count IV of plaintiffs' complaint is deficient for another reason. Compliance with the statute of limitations contained in § 13 of the 1933 Act must be affirmatively pleaded to validly state a cause of action under § 12(2). Southwest Investments I v. Midland Energy Co., 596 F.Supp. 219, 222 (E.D.Mo.1984). The Court concludes that the allegation in plaintiffs' complaint that "[a]fter August, 1984 defendant[s] ... denied plaintiffs' request for information ... and plaintiffs began to doubt and question the representations of defendant[s] ..." fails to satisfy the specificity required by § 13. See id. (Allegation that a check from the defendants was dishonored in November 1983 did adequately plead compliance with § 13 because it failed to allege that the plaintiff first discovered in November 1983 that the defendants' statements were untrue.) Accordingly, Count IV of plaintiffs' complaint will be dismissed unless, within fourteen (14) days of the date of this memorandum, plaintiffs amend Count II to affirmatively plead compliance with § 13. Leave to so amend is granted.

Exempt transactions
Defendants next argue that Counts I, II and IV fail to state claims because they involve exempt securities under § 3 of the Securities Act of 1933, 15 U.S.C. § 77c, and exempt transactions under § 4(2) of the Act, 15 U.S.C. § 77d(2). Similarly, defendants argue Count VIII, brought under Missouri's blue sky statute, should be dismissed because of the exemptions in that statute. The Court concludes that these arguments have no merit. The § 77d(2) exempting "transactions by an issuer not involving any public offering" from the registration requirements of § 77e of Title 15 does not bar plaintiffs' claim in Count IV under § 77l(2) for recovery of consideration paid for the securities. The only securities exempted from suit under § 77l(2) are securities enumerated in § 77c(a)(2), and the limited partnership interests involved in this case do not fall in that class of exempt securities. These exemption provisions also do not bar plaintiffs' claim in Count I under the Securities & Exchange Act of 1934, nor the RICO claim in Count II based upon these non-exempt alleged violations of the securities laws.
Similarly, the exemptions in Mo. Rev.Stat. § 409.402 do not bar plaintiffs' claim in Count VII for recovery of the consideration under Mo.Rev.Stat. § 409.411. The Court further concludes that Count VII adequately pleads a cause of action for recissionary damages under Mo. Rev.Stat. § 409.411 based upon alleged untrue statements or omissions.

RICO
Defendants argue that Count II of plaintiffs' complaint fails to state a cause of action under RICO. The Court concludes that in the present case plaintiffs have failed to satisfy the "pattern" element for RICO liability as that term is construed by the United States Supreme Court and Eighth Circuit Court of Appeals.
In Sedima, S.P.R.L. v. Imrex Co., ___ U.S. ___, 105 S.Ct. 3275, 87 L.Ed.2d 346 *1040 (1985), the Court held that "[a] violation of § 1962(c) [the section on which plaintiffs rely] ... requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." In footnote 14 the Court examined the legislative history of the "pattern" element and suggested that this element was designed to limit the statute's application to ongoing, continuing and related criminal activity as opposed to isolated, sporadic acts.
The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one "racketeering activity" and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern.

Id. 105 S.Ct. at 3285 n. 14 (quoting S.Rep. No. 91-617, p. 158 (1969)). See also id. at 3289 (Powell, J., dissenting).
The Eighth Circuit had the opportunity to adopt this two prong continuity-plus-relationship test in Superior Oil Co. v. Fulmer, 785 F.2d 252 (8th Cir.1986). The Court held that while the plaintiff had proven the "relationship" prong by proving multiple related acts of wire fraud on the part of the defendants in pursuit of the conversion of gas from the plaintiff's interstate pipeline, it failed to prove the "continuity" sufficient to form a "pattern" of racketeering activity. "The actions of [defendants] comprise one ... scheme to convert gas from Superior Oil's pipeline. There was no proof that [defendants] had ever done these activities in the past and there was no proof that they were engaged in other criminal activities elsewhere." Id. at 257. The Court cited with approval several "post-Sedima" opinions wherein the district courts dismissed RICO claims based upon allegations of multiple predicate acts in furtherance of a single fraudulent scheme. Id. at 257-58 n. 8. See also Allright Missouri, Inc. v. Billeter, 631 F.Supp. 1328, 1329 (E.D.Mo.1986) (allegations of multiple interrelated acts of wire fraud underlying alleged injury-causing violations of federal and state securities laws, all undertaken for the purpose of effecting a transfer of real estate from one limited partnership in which plaintiffs had interests to another, did not satisfy the "continuity" prong of a "pattern").
In this case plaintiffs have alleged several acts of mail and wire fraud and violations of federal registration and anti-fraud securities laws, all undertaken in furtherance of defendants' alleged mismanagement and misappropriation of plaintiffs' cash contribution to the partnership. There is no allegation that defendants have done these activities in the past nor that they were engaged in other criminal activities elsewhere. The Court concludes that the "predicate acts" pleaded by plaintiffs essentially represent subdivisions of a single illegal act and, as such, fail to meet the "pattern" requirement for RICO liability.
Accordingly, Count II of plaintiffs' complaint must be dismissed.

Conversion/Money had and received
The Court concludes that Count X of plaintiffs' complaint adequately pleads a cause of action in conversion under Missouri law. Under this theory plaintiffs seek return of the monies they invested in the partnership which were allegedly misappropriated by defendants. See, e.g., Boyd v. Wimes, 664 S.W.2d 596 (Mo.Ct.App.1984) (conversion lies against officer of mortgage lending corporation responsible for management of funds for misappropriation of plaintiff's escrow funds).
The Court, however, agrees with defendant that Count IX should be dismissed. Plaintiffs argue that this Court states a claim under Missouri law for money had and received. The Court concludes that this contract theory of recovery, see, e.g., Weltscheff v. Medical Center of Independence, 604 S.W.2d 796, 801 (Mo.Ct.App. 1980), is not appropriate to the pleaded facts of the present suit.

Motions for Summary Judgment
Defendant John Thuston's separate motion for summary judgment and plaintiffs' cross-motion for summary judgment *1041 must be denied, because they do not establish the absence of genuine issues of material fact. See Rule 56(c), Fed.R.Civ.P. The Court concludes, however, that defendant Ann Thuston's separate motion for summary judgment does meet the standard set out in Rule 56(c). The complaint bases her liability upon the allegations jointly covering this defendant and her husband co-defendant John Thuston. The partnership agreement and affidavit submitted by defendant Ann Thuston in support of her motion for summary judgment establish that she was a limited partner and not a general partner, that she did not have any contact with plaintiffs relevant to their investment in the partnership, and that she had no control over partnership funds. Plaintiffs have failed to respond by affidavit or otherwise setting forth specific facts showing that there is a genuine issue for trial as to defendant Ann Thuston's liability. The Court concludes that in accordance with Rule 56(e), Fed.R.Civ.P., summary judgment in favor of this party is appropriate.

ORDER
Pursuant to the memorandum filed herein this day.
IT IS HEREBY ORDERED that defendants Thuston's motion to dismiss filed December 30, 1985 is denied as to Counts I (10b-5), III (fraud), V (breach of fiduciary duty), IX and X (conversion); granted as to Count II (RICO); and granted in part as to Counts VI and VII (Missouri securities law).
IT IS FURTHER ORDERED that defendants are granted leave to amend Count IV (§ 77l(2) of the Securities Act of 1933).
IT IS FURTHER ORDERED that defendant John Thuston's separate motion for summary judgment is denied.
IT IS FURTHER ORDERED that defendant Ann Thuston's separate motion for summary judgment is granted.
IT IS FURTHER ORDERED that plaintiffs' cross-motion for summary judgment is denied.