636 F.Supp. 463 (1986)
Kevin P. MADDEN, Charles J. Oswlad, Richard W. Kuree, Plaintiffs,
v.
Jeffrey M. GLUCK, Debra McAlear Gluck, Landmark St. Louis Bank, Defendants.
No. 85-2703C(6).
United States District Court, E.D. Missouri, E.D.
June 25, 1986.
*464 William N, Howard, St. Louis, Mo., for plaintiffs.
Jerry J. Murphy, Leo V. Garvin, Jr., St. Louis, Mo., David W. Harlan, Gallop, Johson & Neuman, Clayton, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This class action is brought under the Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO) for equitable and monetary relief, against the former officers and owners of the St. Louis Globe Democrat, Inc. (the Globe) and the corporation's depository bank. Plaintiffs constitute a class identified as every person who is a payee on a check drawn by the Globe on one of its accounts at defendant Landmark St. Louis Bank, N.A. (Landmark) between February 24, 1984 and August 31, 1985, which was dishonored when presented to Landmark for payment. A sub-class is defined as those members of the class who were employees of the Globe.
The complaint alleges that defendants engaged in a "check kiting scheme" involving 5,643 checks having a value of over $4,000,000, for the purpose of creating a false illusion of the Globe's solvency thereby prolonging its life so that its owners, defendants Gluck, could divert corporate assets for their own benefit. This fraudulent scheme was allegedly accomplished through multiple acts of mail and wire fraud, namely, mailing dishonored checks and false monthly bank statements and transmitting instructions to defendant Landmark to transfer funds in or out of accounts, in violation of 18 U.S.C. § 1962(c). Landmark allegedly knew or should have known of the scheme and benefited therefrom by receiving fees and service charges of $93,702.92 from the Globe. The complaint also alleges that the Glucks and Landmark conspired to commit these acts in violation of 18 U.S.C. § 1962(d).
Now under consideration are the Glucks' and Landmark's separate motions to dismiss the complaint for failure to state a claim. In considering a motion to dismiss, the Court must view the facts alleged in the complaint in the light most favorable to the plaintiffs. "[A] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bennett v. Berg, 685 F.2d 1053, 1057 (8th Cir.1982), cert. denied, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).
Defendants argue that plaintiffs failed to sufficiently plead all the elements of a private cause of action under RICO. The Court agrees, concluding that defendants' alleged conduct, if proven, would not constitute a "pattern of racketeering activity" as that term is construed by the United States Supreme Court and the Eighth Circuit Court of Appeals.
Title 18 U.S.C. § 1964 grants a private right of action to "[a]ny person injured in *465 his business or property by reason of a violation of section 1962" of the Act. Section 1962(c), the section upon which plaintiffs rely in Counts I and II, prohibits any person from operating an enterprise engaged in or affecting interstate commerce through a pattern of racketeering activity; § 1962(d), the basis of Count III, prohibits conspiring to commit such acts. "Racketeering activity" is defined by the Act in § 1961(1) as including a wide range of criminal acts including any act indictable under the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. Section 1961(5) of RICO states that "a pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years ... after the commission of a prior act of racketeering activity."
In Sedima, S.P.R.L. v. Imrex Co., ___ U.S. ___, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the Supreme Court held that "[a] violation of § 1962(c) ... requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." In footnote 14, id. 105 S.Ct. at 3285, the Court suggested that the "pattern" element requires a showing of criminal conduct characterized by "continuity plus relationship."
This two-prong test of "pattern" was recently adopted and applied by the Eighth Circuit Court of Appeals in Superior Oil Co. v. Fulmer, 785 F.2d 252 (8th Cir.1986). The Court there held that while the plaintiff had proven the "relationship" prong by proving multiple acts of wire fraud on the part of the defendants in pursuit of their scheme to convert gas from the plaintiff's interstate pipeline, it failed to prove the "continuity" sufficient to form a "pattern" of racketeering activity: "The actions of [defendants] comprise one ... scheme.... There was no proof that [defendants] had ever done these activities in the past and there was no proof that they were engaged in other criminal activities elsewhere." Id. at 257. The Court cited with approval several "post-Sedima" opinions wherein the district courts dismissed RICO claims based upon allegations of multiple predicate acts in furtherance of a single fraudulent scheme. Id. at 257-58 n. 8. See also Allright Missouri, Inc. v. Billeter, 631 F.Supp. 1328, 1329-30 (E.D.Mo.1986) (allegations of multiple interrelated acts of wire fraud underlying alleged injury-causing violations of federal and state securities laws, all undertaken for the purpose of effecting a transfer of real estate from one limited partnership in which plaintiffs had interests to another, did not satisfy the "continuity" prong of a RICO "pattern"); Clodfelter v. Thuston, 637 F.Supp. 1034, 1039-40 (E.D.Mo.1986) (allegations that general partners mismanaged and misappropriated plaintiffs' cash contribution to the partnership by means of violations of federal securities laws and multiple acts of mail fraud did not satisfy the "continuity" prong of a RICO "pattern").
In the present case the Court concludes that the alleged predicate acts of mail and wire fraud constitute subdivisions of one fraudulent scheme and as such fail to meet the pattern requirement for RICO liability. There are no allegations that defendants have done these activities in the past nor that they were engaged in other criminal activities elsewhere.
Accordingly, plaintiffs' complaint is dismissed for failure to state a claim upon which relief may be granted.