**Kevin P. MADDEN, Charles J. Oswald, and Richard W. Kurre, Appellants,**

v.

**Jeffrey M. GLUCK, Debra McAlear Gluck, and Landmark St. Louis Bank, Appellees.**

**No. 86–1917.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1987.

Decided Feb. 11, 1987.

William M. Howard, St. Louis, Mo., for appellants.

Jerry J. Murphy and Leo V. Garvin, Jr., St. Louis, Mo., for appellees, Gluck, et al.

David W. Harlan, Clayton, Mo., for appellees, Landmark Bank.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

PER CURIAM.

Appellants, representatives of an uncertified class of employees and creditors of the defunct St. Louis Globe Democrat, Inc., challenge the district court's dismissal of an action they brought against Jeffrey M. Gluck, Debra McAlear Gluck, and Landmark St. Louis Bank (collectively referred to as appellees) alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 (RICO). We affirm.

Since the district court dismissed the appellants' claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state

a cause of action, we must view the facts alleged in their complaint in the light most favorable to them. *See Bennett v. Berg,* 685 F.2d 1053, 1057 (8th Cir.1982), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). So viewed, the complaint alleges that from February of 1984, to the time the complaint was filed, the Glucks dominated and controlled the activities of the Globe with the sole purpose of prolonging its life by creating an illusion that the company was solvent and able to pay its debts. The complaint further alleges that the Glucks engaged in such activities in order to divert the Globe's assets to their own use and later sell their Globe stock for the highest price obtainable.

In furtherance of this scheme, the complaint alleges that the appellees engaged in a vast array of fraudulent activities by use of the mail and wire in violation of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud). The alleged acts include: (1) a check kiting scheme whereby, during the first eight months of 1985, the Glucks drew 5,643 checks totaling $4,264,-038.66 on Landmark St. Louis Bank (Landmark) which were returned because the Globe's accounts contained insufficient funds and on which Landmark received a total of $93,708.92 in bad check fees; (2) diversion of the Globe's corporate assets including funds totaling $775,000 withheld from or owing to Globe employees for taxes, union dues, health insurance premiums, savings bond purchases, earned vacation pay, and United Way contributions; and (3) defrauding of creditors by preparing and distributing false financial statements and by failing to comply with the terms of a financing agreement with Citicorp Industrial Credit Corporation.

On June 25, 1986, 636 F.Supp. 463, the district court granted the appellees' motion to dismiss for failure to state a claim upon which relief may be granted finding that the complaint failed to adequately allege a "pattern of racketeering activity" as the term has been construed by the United States Supreme Court and this Court. The court, applying our recent decision in *Superior Oil Co. v. Fulmer,* 785 F.2d 252 (8th Cir.1986), found that although the alleged acts were sufficiently related to form a pattern, they constituted mere subdivisions of only one fraudulent scheme. Thus, the court found that the alleged acts lacked sufficient continuity to form a "pattern of racketeering activity."

Review of the district court's memorandum opinion reveals that it is fully consistent with our decision in *Superior Oil,* which we subsequently reaffirmed in *Holmberg v. Morrissette,* 800 F.2d 205 (8th Cir.1986).[1] In those cases we held that a "pattern of racketeering activity" requires more than one fraudulent scheme. In this case, appellants allege only a scheme to keep the Globe afloat in order to loot it. Without more, the "pattern of racketeering" element of a RICO violation has not been alleged. Accordingly, we affirm.

---

1. We are aware of the recent Second Circuit decision criticizing our holding in *Superior Oil,* and holding that two predicate acts committed with the common purpose of furthering a continuing criminal enterprise provide the continuity and relatedness apparently required by foot-note 14 of *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346, 358–59 n. 14 (1985). *See United States v. Ianniello,* 808 F.2d 184 (2d Cir.1986). Nonetheless, we adhere to our position in *Superior Oil.*