818 F.2d 651
 RICO Bus.Disp.Guide 6616
 Harry ORNEST, Ruth Ornest, Laura Ornest, Maury Ornest, Cindy
Ornest and Michael Ornest d/b/a The Ornest Family
Partnership, Appellants,
v.
DELAWARE NORTH COMPANIES, INC., Triple R. Buildings
Corporation and SBH Enterprises, Inc., formerly
known as Dome Management, Inc., Appellees.
 No. 86-2042.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 9, 1987.
Decided May 8, 1987.
 
 Merle L. Silverstein, Clayton, Mo., for appellants.
 Robert T. Haar, St. Louis, Mo., for appellees.
 Before ROSS, BOWMAN, and MAGILL, Circuit Judges.
 BOWMAN, Circuit Judge.
 
 
 1
 Plaintiffs appeal from the District Court's order dismissing their complaint. Plaintiffs asserted against defendants a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1962(c) & (d), and a state common law fraud claim. Plaintiffs, who are the owners of The Arena, an indoor sports arena in St. Louis, alleged generally that defendants had defrauded them of their share of commissions from vending machine sales under a concession agreement. The District Court granted defendants' motion to dismiss the civil RICO claims for failure to state a claim upon which relief can be granted, holding that the allegations in the complaint did not sufficiently set forth the "enterprise" element under subsection (c) or the "conspiracy" element under subsection (d) of Sec. 1962. The court also expressed "concern" about the sufficiency of plaintiffs' allegations of a "pattern of racketeering activity," but made no ruling on that issue. The court dismissed the state common law fraud claim, over which it previously had pendent jurisdiction, after dismissing the civil RICO claim. On appeal plaintiffs contend that the allegations in their complaint sufficiently allege an "enterprise" and a "conspiracy" under Sec. 1962, and thus state a claim under civil RICO, and that the District Court therefore erred in dismissing the complaint. We need not decide whether the allegations in the complaint are sufficient to establish an "enterprise" and a "conspiracy," however, for we hold that plaintiffs have failed to allege a "pattern" of racketeering activity, as required by this Court's decision in Superior Oil Co. v. Fulmer, 785 F.2d 252 (8th Cir.1986).
 
 
 2
 In reviewing the dismissal of a complaint for failure to state a claim, we follow "the accepted rule that a complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "We must assume the plaintiff's factual allegations to be true and must view them in the light most favorable to the plaintiff." Harrison v. Springdale Water & Sewer Commission, 780 F.2d 1422, 1426 (8th Cir.1986).
 
 
 3
 The gist of plaintiffs' civil RICO claim is that over an eight-year period defendants (a parent corporation and two of its subsidiaries) defrauded plaintiffs and their predecessors of their share of commissions from the sale of cigarettes (and other products) from vending machines under a concession agreement with Sportservice Corporation (which operates the concession and food service at The Arena). The complaint alleges that defendants conspired with and directed Sportservice to "skim" money from the gross receipts of vending machine sales and thereafter fraudulently falsified daily and monthly gross receipts reports submitted to plaintiffs. Plaintiffs further allege that the commissions from cigarette sales were forwarded by the vendor at defendants' direction to a private depository known as the S-M-L Trust in Cleveland. Defendants carried out their fraudulent scheme, it is alleged, through a pattern of racketeering activities consisting of mail fraud, in violation of 18 U.S.C. Sec. 1341, interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. Sec. 1952, and other unspecified "acts of deception and fraud."[1]
 
 
 4
 Under the prior decisions of this Court, it is clear that plaintiffs have failed to state a claim under RICO. The complaint fails to allege the necessary "pattern" of racketeering activity, as that element has been construed by this Court in Superior Oil Co. v. Fulmer, 785 F.2d at 254-257. See also Holmberg v. Morrisette, 800 F.2d 205, 209-210 (8th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1953, 95 L.Ed.2d 526 (1987); DeViries v. Prudential-Bache Securities, Inc., 805 F.2d 326, 329 (8th Cir.1986); Madden v. Gluck, 815 F.2d 1163 (8th Cir.1987) (per curiam). The complaint here alleges nothing more than a single fraudulent scheme over the course of eight years to defraud plaintiffs (and their predecessors) of their contractual share of vending machine sales commissions. There was no allegation that defendants had engaged in similar activities in the past or that they were engaged in other criminal activities elsewhere. "Absent allegations sufficient to establish a true 'pattern' of related but distinct schemes of fraud, [plaintiffs'] complaint fails to meet one of the required elements of a civil RICO claim." DeViries, 805 F.2d at 329.
 
 
 5
 The District Court's order dismissing the complaint is affirmed. See Moore v. Warwick Public School District No. 29, 794 F.2d 322, 328 (8th Cir.1986) (appellate court may affirm district court judgment on any ground supported in the record, though not one relied upon by district court).
 
 
 
 [1]
 Plaintiffs' allegation regarding the "pattern" of racketeering activity was set forth in p 34 of the complaint:
 
 
 [34]
 Defendants' fraudulent activities, as aforesaid, constituted a clear and continuous pattern of racketeering activity. During the entire relevant period, at least one hundred (100) times per year, daily reports were submitted to the owners of The Arena which falsely omitted any reference or mention of cigarette sales or other vending machine sales. At least during the years 1984 and 1985, once each month, a false and fraudulent monthly report was mailed to Plaintiffs from Buffalo, New York, which report contained no reference to cigarette sales or other vending machine sales. Once each month, during the entire relevant period, the commissions or receipts from cigarette sales were mailed by the vending machine company directly to the S-M-L Trust in Cleveland, Ohio, without any record thereof being made in the Sportservice receipts. Once each month a report of the receipts or commissions from such cigarette sales and other vending machine sales was mailed directly by the vending machine company to Delaware, for monitorship and review. Each of the aforesaid mailings constituted an offense under 18 U.S.C., Section 1341