**TERRE DU LAC ASSOCIATION, INC.,**
**a not-for-profit corporation, Appellant,**

v.

**TERRE DU LAC, INC., Appellee,**

Terre Du Lac Utilities Corp., Terre Du Lac Golf and Country Club, Inc.; Terre Du Lac Country Club Association, a limited partnership; CIT Corporation; Sensibar Enterprises, Inc.; Moill, Ltd.; James O. Kwon, Appellees.

No. 87-1222.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1987.

Decided Dec. 1, 1987.

Rehearing and Rehearing En Banc Denied Jan. 22, 1988.

Kenton E. Knickmeyer, St. Louis, Mo., for appellant.

Mark G. Arnold, St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Terre Du Lac Association, Inc., appeals from an order entered by the District Court[1] dismissing the Association's Racketeer Influenced and Corrupt Organizations Act (RICO) claim against the defendants. We affirm the District Court's order.

This case involves an action filed by Terre Du Lac Association, Inc., a property owners' association, against Terre Du Lac, Inc. and other alleged developers of the

---

**1.** The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

Terre Du Lac subdivision. The subdivision is a private recreational land development located in southeastern Missouri. This is the second time the case has been before us. *See Terre Du Lac Ass'n v. Terre Du Lac, Inc.*, 772 F.2d 467 (8th Cir.1985) (reversing the District Court's dismissal of the Association's RICO count), *cert. denied*, 475 U.S. 1082, 106 S.Ct. 1460–61, 89 L.Ed.2d 718 (1986).

The Association alleges that defendants violated Sections 1962(a) and 1962(c) of the RICO statute by failing to fulfill their promises and representations relating to the paving of roads, the completion of the sewage and water systems, and the use and transfer of subdivision amenities. The claim is based upon predicate acts of mail fraud, *see* 18 U.S.C. §§ 1341, 1961(1)(B), and seeks equitable relief pursuant to Section 1964(a) of the Act.[2]

The District Court granted defendants' original motions to dismiss the RICO claim on the basis that "none of the[ ] defendants ha[d] been convicted of any of the alleged predicate acts of mail fraud." *Terre Du Lac Ass'n. v. Terre Du Lac, Inc.*, 601 F.Supp. 257, 261 (E.D.Mo.1984). The court relied upon *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482 (2d Cir.1984), *rev'd*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), in which the Second Circuit determined that a criminal conviction of a predicate act must precede a private civil suit under RICO.

Subsequent to the District Court's ruling, the Supreme Court reversed the Second Circuit's decision in *Sedima*. The Supreme Court held that a RICO action may proceed without a criminal conviction of a predicate act. *Sedima*, 473 U.S. at 488–93, 105 S.Ct. at 3281–84. In view of this holding, this Court found, on appeal, that "a reversal of the district court's dismissal of the RICO count [was] required, unless some other fatal defect in the complaint

exist[ed]." *Terre Du Lac Ass'n*, 772 F.2d at 472.[3]

After the Supreme Court denied certiorari in 1986, defendants once again moved to dismiss the Association's RICO claim. The District Court granted this motion. The court held that the Association had not shown a pattern of racketeering activity because it had alleged only a single fraudulent scheme. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.*, No. 83–2577C(3), slip op. at 2–5 (E.D.Mo. Sept. 24, 1986). Further, the District Court held that the "law of the case" doctrine did not foreclose the dismissal since the "pattern of racketeering activity" issue had not been presented or decided in the prior appeal. *Id.* at 5–6. The Association appeals these rulings.

■ Under the prior decisions of this Court, it is clear that the Association has failed to state a RICO claim. To establish a claim under RICO there must be "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima*, 473 U.S. at 496, 105 S.Ct. at 3285 (footnote omitted). Following the Supreme Court's decision in *Sedima*, we held in *Superior Oil Co. v. Fulmer*, 785 F.2d 252 (8th Cir.1986) that something more than a single scheme is required in order to establish a pattern of racketeering activity. *Id.* at 257. In subsequent cases, we have consistently upheld this requirement. *See, e.g., United States v. Kragness*, 830 F.2d 842, 858 (8th Cir.1987); *H.J. Inc. v. Northwestern Bell Tel. Co.*, 829 F.2d 648, 649–50 (8th Cir.1987); *Allright Mo., Inc. v. Billeter*, 829 F.2d 631, 640–41 (8th Cir.1987); *Ornest v. Delaware N. Cos.*, 818 F.2d 651, 652 (8th Cir.1987); *Madden v. Gluck*, 815 F.2d 1163, 1164 (8th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 86, 98 L.Ed.2d 48 (1987); *Deviries v. Prudential–Bache Securities, Inc.*, 805 F.2d 326, 329 (8th Cir.1986); *Holmberg v. Morrisette*, 800 F.2d 205, 209–10 (8th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1953, 95 L.Ed.2d 526 (1987).

**2.** The Association's complaint included sixteen counts. The District Court has dismissed every count and has entered its final judgment. This appeal concerns only the Association's RICO claim.

**3.** The defendants argued in that appeal that such a defect did exist in that the complaint failed to allege sufficient facts supporting the Association's standing to pursue the RICO count. The Court rejected this claim. *Terre Du Lac Ass'n*, 772 F.2d at 472–73.

Here, the District Court concluded, and the Association does not contest, that the alleged predicate acts of mail fraud constitute parts of a single allegedly fraudulent scheme to market Terre Du Lac property. There are no allegations that defendants have engaged in similar activities in the past or that they are engaged in similar fraudulent activities elsewhere. Therefore, we hold that under the rule of *Superior Oil* and its progeny the Association's RICO claim was properly dismissed.

Further, we agree with the District Court that the "law of the case" doctrine does not bar the dismissal of the Association's RICO claim. In the first appeal, this Court did not consider the "pattern of racketeering activity" issue. "[T]he law of the case established by a prior appeal does not extend to preclude consideration of issues not presented or decided on the prior appeal." *Conway v. Chemical Leaman Tank Lines*, 644 F.2d 1059, 1062 (5th Cir. 1981). *See also Kuhn v. National Ass'n of Letter Carriers, Branch 5*, 570 F.2d 757, 759 n. 3 (8th Cir.1978).

Since the Association's RICO claim must fail because of the pattern requirement established in *Superior Oil*, we need not address defendants' alternative arguments. The decision of the District Court is affirmed.